Hon. Richard A. Jones

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>SHAUGHN P. LAMBERT,<br>Defendant. | No. 2:25-cr-00068-RAJ<br><br>ORDER |

## I. INTRODUCTION

THIS MATTER comes before the Court to make a final determination on the matter of restitution. The defendant Shaughn P. Lambert pled guilty to Possession of Child Pornography under 18 U.S.C. § 2252(a)(4)(B). Dkt. 58, 60. The defendant was sentenced to 36 months in custody to be followed with 20 years of supervised release. Dkt. 70. The parties agreed that no in-court hearing on restitution was necessary, and the Court could decide restitution based upon the written submissions. The Court has reviewed the briefing of the parties (Dkt. 77 ((with attachment)) and Dkt. 80) and enters the following order.

## II. LEGAL STANDARD

The defendant pled guilty to Possession of Child Pornography. For this type of offense, the Court is mandated to order restitution pursuant to 18 U.S.C. § 2259(b). The government accurately outlined the process this Court is to follow in deciding the proper amount of restitution. Dkt. 77, at 2. This includes first a determination of the full amount of the victim's losses that were incurred or are

reasonably projected to be incurred by the victim because of the trafficking in child pornography depicting the victim. *Id.* § 2259(b)(2)(A). Second, a determination of the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000. *Id.* § 2259(b)(2)(C). Third, § 2259 directs the Court to require that the government establish by a preponderance of evidence the amount of loss sustained by a victim because of the offense. 18 U.S.C. § 3664(c).

## III. BACKGROUND

The government acknowledges that it can only seek restitution from defendants for victims who request restitution and who furnish a factual basis for their request. In this case the government concedes it is seeking restitution only for 18 series victims whose files were possessed by the defendant and have filed restitution requests. The defendant contends only fourteen victims requested restitution. Of this number two (Jan_Socks1 and Sparkling Velvet) have agreed to the minimum statutory amount of $3,000. As these amounts are uncontested, the Court orders restitution as indicated.

The defendant contends that twelve remaining victims should not get more than the minimum statutory amount of $3,000 each. The twelve contested restitution requests are Angela, Aprilblonde, Blue Pillow1, JBN Flowers1, JBN Flowers2, Lexie, Lighthouse 1, Marineland1, RCA, Sweet White Sugar, Tara, and Vicky.

The government acknowledges that after some discussion with defense counsel, restitution requests for Best Necklace, Jan_Socks3, Jan_Socks4, and Motor Couch1 had not been provided to defense in discovery. Dkt. 77, at 7. It appears a subsequent discovery production was provided. Following that exchange, the defense indicated it would be objecting to these requests as untimely unless the victim's attorneys agreed to the mandatory minimum $3,000. Dkt. 77, at 7. The government affirmed that these victims were all identified in the identification report which defense received March 25, 2026. Dkt. 77, at 7.

## IV. DISCUSSION

Restitution is mandatory in child pornography cases for "the full amount of the victim's losses as determined by the court" and shall be imposed "in addition to any other civil or criminal penalty authorized by law," regardless of the defendant's economic circumstances. 18 U.S.C. § 2259(a)(b)(1)(4).

In *Paroline v. United States,* 572 U.S. 434, 457 (2014) the Supreme Court clearly established that a victim of child pornography "suffers continuing and grievous harm as a result of her knowledge that a large, indeterminate number of individuals have viewed and will in the future view images of the sexual abuse she endured."

The process for determining the amount of restitution in a child pornography case is set forth in 18 U.S.C. § 2259(b)(2). The statute dictates that the court must first determine "the full amount of the victim's losses that were incurred or are reasonably projected to be incurred by the victim as a result of the trafficking in child pornography depicting the victim." 18 U.S.C. § 2259(b)(2)(A).

> Examples of such losses are (1) medical services relating to physical, psychiatric, or psychological care; (2) physical and occupational therapy or rehabilitation; (3) necessary transportation, temporary housing, and childcare expenses; (4) lost income; 5) reasonable attorneys' fees, as well as other costs incurred; and (6) any other relevant losses incurred by the victim. Future Counseling expenses are recoverable as part of restitution, even if none have yet been incurred.

*United States v. Hoffman,* No. 2:22-CR0018-TL, 2022 WL 4017890, at *3 (W.D. Wash. Sept. 2, 2022) citing 18 U.S.C. § 2259(c)(2) and *United States v. Laney,* 189 F. 3d 954, 966-67 (9th Cir. 1999)). After computing the amount of the victim's losses, the court must then order restitution "in an amount that reflects the defendant's relative role in the causal process that underlies the victim's losses, but which is no less than $3,000." 18 U.S.C. § 2259(b)(2)(B).

"For a court to award restitution under the statue, the government must first 'prove by a preponderance of the evidence that [the defendant's] offenses proximately caused the losses incurred by' the victims." *Hoffman,* 2022 WL 4017890, at *2 (alteration in original) (quoting *United States v. Kennedy,* 643 F.3d 1251, 1263 (9th Cir. 2011)). It must then prove the restitution amount by a preponderance of the evidence. 18 U.S.C. § 3664(e).

In determining the victim's losses, "a district court need only 'estimate, based upon facts in the record, the amount of the victim's loss with some reasonable certainty."' *United States v. Moore,* No. 22-30157, 2024 WL 1616070, at *2 (9th Cir. Apr. 15, 2024) (quoting *United States v. Doe,* 488 F.3d 154, 1160 (9th Cir. 1160 (9th Cir. 2007)). "[P]recision is neither expected nor required, " and "the ultimate decision will be a mix of 'discretion and estimation."' *United States v. Galan,* 804 F.3d 1287, 1291 (9th Cir. 2015) (quoting *Paroline*, 572 U.S. at 462).

Turning to the requests at hand, the Court makes several observations regarding the government's submission. First, the government's exhibit binder does reflect the total loss suffered by each of the victims and thus satisfies the first step in the analysis required by § 2259(b)(2). However, the government provides no information regarding other categories of information deemed relevant by the Supreme Court, including:

> [t]he number of past criminal defendants found to have contributed to the victim[s'] general losses; reasonable predictions of the number of future offenders likely to be caught and convicted for crimes contributing to the victim[s'] general losses; [or] any available and reasonably reliable estimate of the broader number of offenders involved.

*Paroline,* 572 U.S. at 459-60.

Second, the government's bulk exhibit does not alleviate the Court's expressed concern about the lack of specificity to support its claims for restitution. The exhibits to the government's restitution memorandum total 1,738 pages. Dkt.

77, Ex. 1-18. The government identifies 18 restitution requests with amounts exceeding the statutory minimum of $3,000. No effort was made to identify with specificity or deliberation as to how an exhibit supports the increased restitution amounts. The Court agrees that there are horrific facts identified as having been committed by the original perpetrator[s], but the government fails to segregate how the acts of Lambert are the proximate cause of those damages.

The government must recognize this deficiency significantly compromises their request. This very point is addressed where the government discusses "Disaggregation" and acknowledges: "...that the Ninth Circuit has held in *US v. Galan*, 804 F.3d 1287 (9th Cir. 2015) that a victim's losses must be disaggregated from those caused by the original hands-on abuse. Dkt. 77, Tab 13, Carol Hepburn Letter, at p. 11.

The Court understands that neither *Galan* or *Paroline* developed any record of whether disaggregation is even possible, but that outcome does not rectify the need for there to be evidence that attributes the proximate cause of any portion of the loss to the defendant's specific conduct. By way of example, Exhibit 3 to the government's restitution exhibits for "Angela" provides a total loss amount of $1,520,280 to $1,630,780. The materials submitted do not segregate in any way the conduct of the defendant. Moreover, the supporting documents include a Psychological Evaluation dated March 10-11, 2014, an Economic Evaluation dated January 8, 2016, and a general declaration of the attorney for "Angela" who generally references the psychological damage to victims of child abuse, but not one of these articulate a basis for this Court to find by a preponderance of the evidence how the defendant in the instant case contributed to these losses.

As stated in *United States v. Flucas,* No. 2:17-cv-00209-KJM, 2019 WL 6250710, at * (E.D. Cal. Nov. 22, 2019) "The problem created by the scenario in *Paroline* was how to define the outer limits of one defendant's liability when a multitude of independent forces and other persons also contribute to a victim's

present and future harm." The rule in *Paroline* "was crafted to strike a delicate balance between recognizing the real harms of victims of internet distribution of child pornography and at the same time respecting the constitutional limits associated with a fair application of notions of proximate causation. *Id.*

Consequently, this Court must agree with the defense that the requests for restitution provide for the most part the same general information and argument in each claim of restitution, independent of the specific misconduct against the victim. Hence, despite the horrific nature of the defendant's conduct, this Court does not have the information required to determine "the relative causal significance of the defendant's conduct in producing [the total] losses for each individual." *United States v. Hoffman,* No. CR22-018-TL, 2022 WL 4017890, at *5 (W.D. Wash. Sept. 2, 2022) (quoting *Paroline v. United States,* 572 U.S. 434, 460 (2014).

## V. CONCLUSION

For the reasons set forth above, the Court **ORDERS** Mr. Lambert to pay each of the victims who have submitted requests (18) (and are listed in Dkt. 77, at p. 6) restitution in the amount of $3,000, for a total restitution of $54,000.

DATED this 15th day of September, 2026.

The Honorable Richard A. Jones
United States District Judge